**Jeremy D. Sacks, OSB No. 994262**
jeremy.sacks@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

**Jason C. Benton (*pro hac vice*)**
jason.benton@hugheshubbard.com
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

 Attorneys for Defendant Biotronik, Inc.


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY and LAMORAK INSURANCE COMPANY, f/k/a ONEBEACON AMERICA INSURANCE COMPANY, <br><br>    Plaintiffs, <br><br> v. <br><br> BIOTRONIK, INC., <br><br>    Defendant. | Case No.: 3:15-cv-00501-PK <br><br> **DEFENDANT BIOTRONIK, INC.'S MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER OR TO STAY LITIGATION** <br><br> **(ORAL ARGUMENT REQUESTED)** |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

LOCAL RULE 7-1 CERTIFICATION ............................................................... 1

MOTION ............................................................................................................. 1

MEMORANDUM .............................................................................................. 1

I.      INTRODUCTION ................................................................................. 1

II.     FACTUAL AND PROCEDURAL BACKGROUND ........................... 3

        A.      The Insurance Policies .............................................................. 3

        B.      The Underlying Tort Claims by New Mexico Claimants in New Mexico ........... 4

        C.      Biotronik's Tender of the Claims and OneBeacon's Response .............. 5

        D.      The First-Filed Action and OneBeacon's Response ................... 6

III.    ARGUMENT .......................................................................................... 8

        A.      The Court Should Dismiss This Action Pursuant to the First-to-File Rule ........... 8

                1.      The First-Filed Action Came First ........................... 10

                2.      The Parties Are the Same ......................................... 12

                3.      The Issues Are Substantially Similar ....................... 13

                4.      There Is No Reason to Deviate from the First-to-File Rule ........... 15

        B.      As an Independent Ground for Dismissal or Stay, the Court Should Exercise Its Discretion to Decline Jurisdiction ................... 17

IV.     CONCLUSION ..................................................................................... 22

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Adam v. Jacobs*,
   950 F.2d 89 (2d Cir. 1991).................................................................................14

*Adidas Am., Inc. v. Herbalife Int'l, Inc.*,
   No. CV 09-661-MO, 2010 WL 596584 (D. Or. Feb. 12, 2010)............................15

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
   946 F.2d 622 (9th Cir. 1991) ......................................................................... passim

*Am. States Ins. Co. v. Kearns*,
   15 F.3d 142 (9th Cir. 1994) ..........................................................................17, 18

*Animal Health Int'l, Inc. v. Livingston Enters., Inc.*,
   No. 12-cv-00369-LTB, 2012 WL 1439243 (D. Colo. Apr. 26, 2012).....................8

*Argueta v. Banco Mexicano, S.A.*,
   87 F.3d 320 (9th Cir.1996) ...................................................................................2

*Armendariz v. Ace Cash Express*,
   No. 3:13-CV-00590-BR, 2013 WL 3791438 (D. Or. July 19, 2013)...................8, 9

*Barnes & Noble, Inc. v. LSI Corp.*,
   823 F. Supp. 2d 980 (N.D. Cal. 2011) ................................................................11

*Brillhart* v. *Excess Insurance Company of America*,
   316 U.S. 491 (1942).......................................................................17, 18, 19, 20

*Church of Scientology of Cal. v. United States Dep't of the Army*,
   611 F.2d 738 (9th Cir. 1979) ...........................................................................8, 16

*City Antiques, Inc. v. Planned Furniture Promotions, Inc.*,
   No. 3:14-cv-00467-SI, 2014 WL 3955216 (D. Or. Aug. 12, 2014) ............... passim

*Colo. River Water Conservation Dist. v. United States*,
   424 U.S. 800 (1976).............................................................................................20

*Cont'l Cas. Co. v. Robsac Indus.*,
   947 F.2d 1367 (9th Cir. 1991) ..........................................................15, 16, 19, 20

Page ii   -   DEFENDANT BIOTRONIK, INC.'S MOTION TO DISMISS OR,
               ALTERNATIVELY, TO TRANSFER OR TO STAY LITIGATION

## TABLE OF AUTHORITIES

**Page**

*Diversified Metal Prods., Inc. v. Odom Indus., Inc.*,
No. 1:12-cv-00162-BLW, 2012 WL 2872772 (D. Idaho July 12, 2012) ........................10, 16

*Easton-Bell Sports, Inc. v. E.I. DuPont de Nemours & Co.*,
No. 13-cv-00283 NC, 2013 WL 1283463 (N.D. Cal. Mar. 26, 2013) ....................................14

*Ellison Framing, Inc. v. Zurich Am. Ins. Co.*,
805 F. Supp. 2d 1006 (E.D. Cal. 2011) ...................................................................................8

*Ervin v. Kelly*,
No. C10-5145BHS, 2010 WL 2985675 (W.D. Wash. July 23, 2010) .....................................8

*Fraga, et al. v. Biotronik, Inc., et al.*,
No. D-101-CV-2012-03539 (N.M. 1st Jud. Dist. Ct.) .................................................2, 4, 5, 6

*Fujitsu Ltd. v. Nanya Tech. Corp.*,
No. C 06–6613 CW, 2007 WL 484789 (N.D. Cal. Feb. 9, 2007) ...........................................8

*Gov't Emp. Ins. Co. v. Dizol*,
133 F.3d 1220 (9th Cir. 1998) ...................................................................................15, 18, 19

*Great Earth Chem., LLC v. Diversity Suppliers, LLC*,
No. 3:13-CV-01811-HZ, 2014 WL 1217958 (D. Or. Mar. 24, 2014) ........................16, 18, 20

*Herer v. Ah Ha Publishing, LLC*,
927 F. Supp. 2d 1080 (D. Or. 2013) ............................................................................ passim

*Hospah Coal Co. v. Chaco Energy Co.*,
673 F.2d 1161 (10th Cir. 1982) ...............................................................................11, 12, 19

*Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*,
544 F. Supp. 2d 949 (N.D. Cal. 2008) ................................................................7, 9, 10, 11

*McCarthy v. United States*,
850 F.2d 558 (9th Cir. 1988) ...................................................................................................2

*No Cost Conference, Inc. v. Windstream Commc'ns, Inc.*,
940 F. Supp. 2d 1285 (S.D. Cal. 2013) ...................................................................10, 11, 15

*NSI Corp. v. Showco, Inc.*,
843 F. Supp. 642 (D. Or. 1994) .............................................................................................14

# TABLE OF AUTHORITIES

**Page**

*Nw. Pub. Commc'ns Council v. Oregon Pub. Util. Comm'n*,
   805 F. Supp. 2d 1058 (D. Or. 2011) ......................................................................17

*O2COOL, LLC v. Discovery Commc'ns, LLC*,
   No. 12 C 3204, 2013 WL 157703 (N.D. Ill. Jan. 15, 2013) .......................................8

*Old Town Canoe Co. v. Confluence Holdings Corp.*,
   No. Civ. 04-1660-AS, 2005 WL 552005 (D. Or. Mar. 7, 2005) .......................14, 17

*OneBeacon Ins. Co. v. Trackwell, Defendants*,
   No. CV 09-0361 KI, 2009 WL 2441261 (D. Or. June 10, 2009) ...........................11

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
   678 F.2d 93 (9th Cir. 1982) ......................................................................... passim

*Pochiro v. Prudential Ins. Co. of Am.*,
   827 F.2d 1246 (9th Cir. 1987) ...............................................................................14

*Polido v. State Farm Mut. Auto. Ins. Co.*,
   110 F.3d 1418 (9th Cir. 1997) ........................................................................18, 19

*Powelson v. St. Paul Fire & Marine Ins. Co.*,
   No. CV-04-665-ST, 2004 WL 1792465 (D. Or. Aug. 11, 2004)............................19

*Sowards, et al. v. Las Cruces Medical Center, LLC, et al.*,
   No. D-307-CV-2009-2563 (N.M. 3rd Jud. Dist. Ct.) .................................... passim

*Wilton v. Seven Falls Co.*,
   515 U.S. 277 (1995)........................................................................................17, 20

## Statutes

28 U.S.C. § 2201(a) ................................................................................................1, 17

Declaratory Judgment Act .................................................................................2, 16, 17

## Rules

Fed. R. Civ. P. 12(b) .............................................................................................1, 8

Fed. R. Civ. P. 12(b)(1)..............................................................................................8

Page iv   -   DEFENDANT BIOTRONIK, INC.'S MOTION TO DISMISS OR,
                 ALTERNATIVELY, TO TRANSFER OR TO STAY LITIGATION

# TABLE OF AUTHORITIES

**Page**

Fed. R. Civ. P. 12(b)(3)..........................................................................................2, 8

Fed. R. Civ. P. 12(b)(7)...............................................................................................19

Fed. R. Civ. P. 13(a)...................................................................................................14

Fed. R. Civ. P. 13(a)(1)(A).........................................................................................14

Fed. R. Civ. P. 15(c)...................................................................................................11

Fed. R. Civ. P. 15(c)(1)(C).........................................................................................11

LOCAL RULE 7-1 .......................................................................................................1

**Other Authorities**

5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1360
    (3d ed. & Supp. 2010)...........................................................................................8

Page v    -    DEFENDANT BIOTRONIK, INC.'S MOTION TO DISMISS OR,
               ALTERNATIVELY, TO TRANSFER OR TO STAY LITIGATION

## LOCAL RULE 7-1 CERTIFICATION

Undersigned counsel for Defendant Biotronik, Inc. ("Biotronik") certifies that he

conferred with counsel for Plaintiffs but was unable to resolve the issues raised by this motion.

## MOTION

Pursuant to Federal Rule of Civil Procedure 12(b) and 28 U.S.C. § 2201(a), Defendant

moves to dismiss this action or, alternatively, to transfer this action to the District of New

Mexico or to stay this action pending resolution of the substantially similar action pending before

the United States District Court for the District of New Mexico.  This motion is supported by the

following Memorandum and the concurrently filed Declaration of Webster D. McBride.

In the event that the Court does not dismiss, transfer, or stay this action, Defendant

requests 14 days from the date of disposal of this motion in which to answer or otherwise

respond to Plaintiffs' Complaint.

## MEMORANDUM

## I.  INTRODUCTION

Plaintiffs Atlantic Specialty Insurance Company ("Atlantic") and Lamorak Insurance

Company, f/k/a OneBeacon America Insurance Company ("OneBeacon America," and together

with Atlantic, "OneBeacon" or "Plaintiffs") filed this declaratory judgment action (the "Second-

Filed Action") in response to an action that Biotronik filed in New Mexico state court two weeks

earlier and that OneBeacon America subsequently removed to the District of New Mexico (the

"First-Filed Action").  Biotronik's earlier action involves substantially similar facts, parties, and

issues and is the more comprehensive of the two:  it was filed by the natural plaintiff and seeks

coercive relief for breach of contract in addition to declaratory relief.  In contrast, Plaintiffs' later

duplicative action seeks declaratory relief only, based on defenses to Biotronik's first-filed

claims.  This Second-Filed Action is wasteful and unnecessary and, if allowed to proceed, is likely to lead to inefficiencies and conflicting rulings in both the discovery and trial phases.  For these reasons, the Court should dismiss this action pursuant to the "first-to-file" rule.

As in two recent cases analogous to this dispute, *City Antiques, Inc. v. Planned Furniture Promotions, Inc.*, No. 3:14-cv-00467-SI, 2014 WL 3955216 (D. Or. Aug. 12, 2014) (dismissing second-filed District of Oregon action), and *Herer v. Ah Ha Publishing, LLC*, 927 F. Supp. 2d 1080 (D. Or. 2013) (transferring second-filed District of Oregon action to district to which first-filed state action had been removed), all prerequisites to application of the first-to-file rule are met, and no extraordinary circumstance warrants departure from the rule.  Indeed, as shown below, the first-to-file analysis establishes that this Second-Filed Action is precisely the kind of defensive maneuver that the rule was designed to prevent.

Accordingly, the Court should dismiss this action or, in the alternative, transfer it to the District of New Mexico or stay it pending resolution of the First-Filed Action.  In addition, as an independent basis for dismissal or stay, the Court should exercise its discretion to decline jurisdiction under the Declaratory Judgment Act.  In short, this action should not proceed when a more comprehensive proceeding is already pending in New Mexico.

## II.  FACTUAL AND PROCEDURAL BACKGROUND[1]

This dispute concerns Biotronik's right to coverage for indemnity and defense costs under three insurance policies issued by OneBeacon (the "Insurance Policies") for two lawsuits filed against Biotronik in New Mexico state court (the "*Sowards* Action" and the "*Fraga*

---

[1] In deciding a motion brought under Rule 12(b)(3) or 12(b)(1), the court may consider facts outside the pleadings without thereby converting the motion into a constructive summary judgment motion.  *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996) (assessing motion to dismiss based on a forum selection clause under 12(b)(3)); *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (providing 12(b)(1) standard).

Action," and collectively the "Underlying Actions").  The Underlying Actions arose from, among other things, the alleged conduct of a New Mexico-based physician ("Dr. Klonis") and Biotronik's former New Mexico-based independent sales representative ("Mr. Tague") in connection with Dr. Klonis's implantation of medical devices distributed by Biotronik in patients in New Mexico.

## A.  The Insurance Policies

Biotronik distributes devices for cardiac rhythm management, including implantable cardioverter defibrillators and pacemakers, throughout the United States.  (Declaration of Webster D. McBride dated May 4, 2015 ("McBride Decl.") ¶ 4.)  From August 15, 2005 through August 15, 2008 (the "Policy Periods"), Biotronik was a named insured under the Insurance Policies.  The first policy was issued by Atlantic—an insurer licensed to do business in New Mexico—and covered the time period from August 15, 2005 through August 15, 2006 (the "2005–06 Policy").  (*See* Complaint ("Compl."), Dkt. 1 ¶ 9.)  The second and third policies were issued by OneBeacon America—an insurer licensed to do business in New Mexico—and covered the time periods of August 15, 2006 through August 15, 2007 and August 15, 2007 through August 15, 2008 (the "2007–08 Policy"), respectively.[2]  (*See* Compl., Dkt. 1 ¶¶ 11–13.)

On information and belief, throughout the Policy Periods and to the present, Atlantic has been a subsidiary of OneBeacon Insurance Group, a Bermuda-domiciled holding company. On information and belief, throughout the Policy Periods and up until its sale in 2015, OneBeacon America was also a subsidiary of OneBeacon Insurance Group.

---

[2] OneBeacon's Complaint in this action mistakenly describes the 2007–08 Policy as applying to the period August 15, 2008 through August 15, 2009.  (*See* Compl., Dkt. 1 ¶ 13.)

Page 3   -   DEFENDANT BIOTRONIK, INC.'S MOTION TO DISMISS OR,
              ALTERNATIVELY, TO TRANSFER OR TO STAY LITIGATION

**B.    The Underlying Tort Claims by New Mexico Claimants in New Mexico**

On November 12, 2010, Biotronik was served with a summons and complaint in a suit in Doña Ana County, New Mexico (the *Sowards* Action, *Sowards, et al. v. Las Cruces Medical Center, LLC, et al.*, No. D-307-CV-2009-2563 (N.M. 3rd Jud. Dist. Ct.)).  (Compl., Dkt. 1 ¶¶ 24–25.)  The *Sowards* Action named Biotronik and a number of other defendants, including Mr. Tague.  (*Id.* ¶ 24.)  On December 18, 2012, a suit was filed in Santa Fe County, New Mexico (the *Fraga* Action, *Fraga, et al. v. Biotronik, Inc., et al.*, No. D-101-CV-2012-03539 (N.M. 1st Jud. Dist. Ct.)) against Biotronik and a number of other defendants, including Mr. Tague.  (*Id.*)  The plaintiffs in the *Sowards* and *Fraga* Actions assert, *inter alia*, that Biotronik was negligent (including in training and/or supervision) and conspired with Dr. Klonis and Mr. Tague to provide patients with unnecessary or medically non-indicated medical devices, resulting in damages and the patients' loss of an opportunity for a better outcome from their treatments.  The plaintiffs in the *Sowards* and *Fraga* Actions allege that this conspiracy and negligent conduct resulted in 28 unnecessary or non-indicated implantations, 17 of which occurred in New Mexico during the Policy Periods.

On November 20, 2014, the New Mexico state court in the *Sowards* Action entered a judgment against Biotronik and Mr. Tague.  The judgment in the *Sowards* Action awarded damages against Biotronik and Mr. Tague consisting of $2,383,673 in compensatory damages and $25 million in punitive damages (after Biotronik obtained a reduction from the initial verdict, which was for more than $67 million).  In addition, $652,236.71 in costs and pre-judgment interest were awarded, resulting in a total judgment of $28,035,909.71, on which 15% per year post-judgment interest is accruing.  (McBride Decl. ¶ 5.)  The appellate deadline has not yet expired in the *Sowards* Action.

The *Fraga* Action is still pending in New Mexico state court.

Over the past several months, Biotronik has conducted settlement discussions with the plaintiffs in the *Sowards* and *Fraga* Actions (as well as with the plaintiffs in two other New Mexico cases involving similar allegations).  (McBride Decl. ¶ 6.)  By agreement between Biotronik and the *Sowards* Action plaintiffs, execution by the *Sowards* Action plaintiffs is currently stayed.  (McBride Decl. ¶ 7.)

## C.    Biotronik's Tender of the Claims and OneBeacon's Response

On December 22, 2014, Biotronik tendered a claim for coverage in the *Sowards* Action to "One Beacon Insurance Group."  (Ex. 1 (*Sowards* Tender Letter); Compl., Dkt. 1 ¶ 27.)[3]  On January 23, 2015, Biotronik tendered claims for coverage in the *Fraga* Action to Dana Lenahan at OneBeacon Insurance Group or OneBeacon Technology Insurance.  (*See* Compl., Dkt. 1 ¶ 31.) Biotronik notified Ms. Lenahan of the claims by means of three separate letters, one for each of the Insurance Policies.  (Exs. 2–4 (*Fraga* Tender Letters).)

Biotronik and its representatives communicated with OneBeacon[4] between December 2014 and March 2015, reiterating Biotronik's request for coverage under the Insurance Policies and emphasizing the importance of a prompt coverage determination to facilitate the negotiation of a settlement with the plaintiffs in the *Sowards* and *Fraga* Actions.

On February 13, 2015, OneBeacon's counsel responded to Biotronik's tender letters in two letters (one each for the *Sowards* Action and the *Fraga* Action).  (Exs. 5, 6 (Letters dated

---

[3] References to Ex. __ herein refer to the corresponding exhibits attached to the Declaration of Webster D. McBride dated May 4, 2015.

[4] For convenience, this Memorandum will refer to Biotronik's communications with OneBeacon America or Atlantic as being with "OneBeacon" unless referring to OneBeacon America or Atlantic separately provides greater clarity or context.

Page 5    -    DEFENDANT BIOTRONIK, INC.'S MOTION TO DISMISS OR,
                ALTERNATIVELY, TO TRANSFER OR TO STAY LITIGATION

February 13, 2015).)  OneBeacon's letter regarding the *Fraga* Action listed pertinent information in the subject line.  (Ex. 6 (Letter dated February 13, 2015).)  Notably, that letter listed all three insurance policies, and stated that "OneBeacon America Insurance Company" was the "Insurer." (*Id.*)  However, despite OneBeacon's representation, the actual issuer of the 2005–06 Policy was Atlantic.  (Compl., Dkt. 1 ¶ 9.)  OneBeacon did not at any time before March 26, 2015 remedy its incorrect identification of the issuer of the 2005–06 Policy.

**D.    The First-Filed Action and OneBeacon's Response**

By early March, it had become clear that OneBeacon did not intend to promptly provide a coverage determination with respect to the *Sowards* and *Fraga* Actions, and on March 13, 2015, Biotronik initiated the First-Filed Action by filing a complaint (the "First-Filed Complaint") against OneBeacon America in the First Judicial District Court of the State of New Mexico, Santa Fe County.  (Ex. 7 (New Mexico State Court Complaint).)  The First-Filed Complaint (i) asserted against OneBeacon America is a claim for breach of contract for its failure to provide coverage in connection with the Underlying Actions and (ii) sought a declaratory judgment that that coverage is within the scope of the Insurance Policies.  (*Id.*)  Biotronik sent a courtesy copy of its First-Filed Complaint to OneBeacon America on March 13, 2015, and served its First-Filed Complaint on OneBeacon America on March 19, 2015.  At neither time did OneBeacon notify Biotronik that Atlantic had issued the 2005–06 Policy.

On March 26, 2015, OneBeacon sent Biotronik a coverage denial letter (the "Denial Letter") and initiated this action by filing with this Court a complaint (the "Second-Filed Complaint").  OneBeacon's Second-Filed Complaint seeks a series of declaratory judgments, all of which raise defenses to coverage under the Insurance Policies.  The Second-Filed Complaint and the Denial Letter notified Biotronik for the first time that Atlantic was the issuer of the

2005–06 Policy. (*See* Compl., Dkt. 1 ¶ 9; Ex. 8 (Coverage Denial Letter) at 5.) OneBeacon served its Second-Filed Complaint on Biotronik on March 30, 2015.

On March 27, 2015, OneBeacon America removed the First-Filed Action from the First Judicial District of the State of New Mexico to the United States District Court for the District of New Mexico. On April 2, 2015, OneBeacon America filed a Motion in the District of New Mexico to transfer the First-Filed Action to this Court (the "Transfer Motion")—premised in part on the fact that Biotronik had mistakenly failed to designate Atlantic as a defendant in that action. (*See* Ex. 9 (Motion to Transfer).)

On April 20, 2015, Biotronik filed in the District of New Mexico an Amended Complaint (the "Amended Complaint"), which added Atlantic as a party and amended certain allegations, and an Opposition to the Transfer Motion. (Ex. 10 (Amended Complaint); Ex. 11 (Transfer Motion Opposition).)

### III. ARGUMENT

**A.    The Court Should Dismiss This Action Pursuant to the First-to-File Rule**

The law is clear that when two cases involving substantially the same parties and issues have been filed in courts of concurrent jurisdiction, the court of first filing should try the lawsuit, "and no purpose would be served by proceeding with a second action." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (affirming dismissal of second-filed action). Pursuant to this "first-to-file rule," district courts have discretion to transfer, stay, or dismiss a second-filed action. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). "Dismissal is proper where the court of first filing provides adequate remedies." *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 963 (N.D. Cal. 2008) (citing *Alltrade*, 946 F.2d at 627–28) (dismissing second-filed action). The rule was developed to

Page 7    -    DEFENDANT BIOTRONIK, INC.'S MOTION TO DISMISS OR,
              ALTERNATIVELY, TO TRANSFER OR TO STAY LITIGATION

promote judicial efficiency and to avoid conflicting judgments, and it "should not be disregarded lightly." *Alltrade*, 946 F.2d at 625 (quoting *Church of Scientology of Cal. v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979) (discussing "paramount importance" of the comity principle undergirding the first-to-file rule)).

Although federal courts take different procedural routes in granting relief pursuant to the first-to-file rule, each course allows for a pre-answer motion that tolls a defendant's time to answer.[5]  Following the lead of this Court's *City Antiques* decision, 2014 WL 3955216, and the Western District of Washington's *Ervin v. Kelly* decision, No. C10-5145BHS, 2010 WL 2985675 (W.D. Wash. July 23, 2010), Biotronik brings this motion under Federal Rules of Civil Procedure 12(b)(3) and, in the alternative, 12(b)(1).  In the further alternative, Biotronik brings this motion under the court's inherent authority, as an "unenumerated" Rule 12(b) motion.

---

[5] Although the first-to-file rule is not an enumerated basis for dismissal under Rule 12(b) of the Federal Rules of Civil Procedure, several courts have considered such motions to be motions to dismiss either for lack of subject matter jurisdiction under Rule 12(b)(1) or for improper venue under Rule 12(b)(3).  *See, e.g.*, *Ervin v. Kelly*, No. C10-5145BHS, 2010 WL 2985675, at *1 (W.D. Wash. July 23, 2010) (dismissing under 12(b)(1)); *O2COOL, LLC v. Discovery Commc'ns, LLC*, No. 12 C 3204, 2013 WL 157703, at *1 (N.D. Ill. Jan. 15, 2013) (dismissing under 12(b)(3)); *see also Animal Health Int'l, Inc. v. Livingston Enters., Inc.*, No. 12-cv-00369-LTB, 2012 WL 1439243, at *2 (D. Colo. Apr. 26, 2012) (transferring under 12(b)(3)).  Other courts have found first-to-file motions to lie outside the traditional ambit of Rule 12(b).  *See, e.g.*, *Fujitsu Ltd. v. Nanya Tech. Corp.*, No. C 06–6613 CW, 2007 WL 484789, at *5 (N.D. Cal. Feb. 9, 2007).  Yet even these courts have deemed such motions timely and proper pre-answer motions that forestall entry of default.  *See id.*; *Ellison Framing, Inc. v. Zurich Am. Ins. Co.*, 805 F. Supp. 2d 1006, 1012–13 (E.D. Cal. 2011) ("[Federal courts'] authority to hear 'motions to stay and motions to dismiss because another action is pending' lies in the 'inherent power of a court to regulate actions pending before it.'" (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1360 (3d ed. & Supp. 2010))); *cf. Armendariz v. Ace Cash Express*, No. 3:13-CV-00590-BR, 2013 WL 3791438, at *4 (D. Or. July 19, 2013) (adopting reasoning of *Fujitsu* and concluding that a "Motion to Compel Arbitration and to Dismiss suffices as a 'responsive pleading' . . . or as an unenumerated motion under Rule 12(b)").

Page 8    -    DEFENDANT BIOTRONIK, INC.'S MOTION TO DISMISS OR,
            ALTERNATIVELY, TO TRANSFER OR TO STAY LITIGATION

*Armendariz v. Ace Cash Express*, No. 3:13-CV-00590-BR, 2013 WL 3791438, at *4 (D. Or. July 19, 2013).

Application of the first-to-file rule turns on three factors: "(1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues." *City Antiques*, 2014 WL 3955216, at *3 (citing *Alltrade*, 946 F.2d at 625). The rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Herer*, 927 F. Supp. 2d at 1088 (quoting *Pacesetter*, 678 F.2d at 95). Accordingly, the parties, claims, and issues need not be identical in order to justify deferral to a first-filed action, so long as the two actions are "substantially similar." *Id.* at 1089–91 (transferring second-filed District of Oregon action despite nonidentity of parties and claims); *see also City Antiques*, 2014 WL 3955216, at *5 (dismissing second-filed District of Oregon action despite nonidentity of claims); *Intersearch Worldwide*, 544 F. Supp. 2d at 961, 963 (dismissing second-filed action despite nonidentity of parties and claims). A court may decline to apply the rule if "equitable interests counsel otherwise; typical exceptions to the rule include bad faith, anticipatory suit, and forum shopping." *Herer*, 927 F. Supp. 2d at 1088 (citing *Alltrade*, 946 F.2d at 628).

Here, the facts at hand satisfy all three prerequisites of the first-to-file rule, no equitable consideration disfavors application of the rule, and the District of New Mexico can provide adequate remedies to all parties. The Court should dismiss this duplicative action.

### 1.    The First-Filed Action Came First

Biotronik filed the First-Filed Action more than two weeks before OneBeacon filed this action. The First-Filed Action's state-court filing date—March 13, 2015—is "the operative date for the purposes of the first-to-file rule" notwithstanding its subsequent removal to federal court.

Page 9    -    DEFENDANT BIOTRONIK, INC.'S MOTION TO DISMISS OR,
         ALTERNATIVELY, TO TRANSFER OR TO STAY LITIGATION

*Herer*, 927 F. Supp. 2d at 1089 n.3; *see also id.* at 1083–84 (transferring District of Oregon action filed prior to removal of first-filed state action); *Diversified Metal Prods., Inc. v. Odom Indus., Inc.*, No. 1:12-cv-00162-BLW, 2012 WL 2872772, at \*3 (D. Idaho July 12, 2012) ("[T]he filing date assumed by a removed case is the date the action was filed in state court."); *cf. Pacesetter*, 678 F.2d at 96 n.3 ("In view of the fact that [second-filing plaintiff] had full knowledge of the [first-filed] action before filing [the second action], basing this jurisdictional decision on . . . technicalities . . . would be inappropriate.").

Biotronik's amendment of the First-Filed Complaint does not bear on the chronology analysis either.  The filing date of an original complaint controls, regardless of a subsequent amended complaint—even when that amended complaint has modified the parties to an action. *See, e.g.*, *No Cost Conference, Inc. v. Windstream Commc'ns, Inc.*, 940 F. Supp. 2d 1285, 1294, 1305 (S.D. Cal. 2013) (finding S.D. Cal. action first-filed despite the fact that plaintiff in substantially similar W.D.N.Y. action had filed its suit against S.D. Cal. plaintiff prior to being added as a defendant to the S.D. Cal. action via amended complaint); *Diversified Metal*, 2012 WL 2872772, at \*2 (looking to filing date of original complaint rather than filing date of amended complaint that had removed a defendant); *Intersearch Worldwide*, 544 F. Supp. 2d at 958 ("Thus, for purposes of analyzing chronology, it is irrelevant when or how [first-filing plaintiff] added parties to the New York Action.  All this Court is concerned with is whether the [S.D.N.Y.] had the matter before it first, which in this case, it did." (footnote omitted)); *cf. Pacesetter*, 678 F.2d at 96 n.3 ("It is thus the filing of *actions* in coordinate jurisdictions that

invokes considerations of comity." (emphasis added)).[6] There is no question that the chronology in this case supports dismissal under the first-to-file rule.

### 2. The Parties Are the Same

The similarity of the parties also favors dismissal. Biotronik's omission of Atlantic as a party to the original complaint was a good-faith mistake that afforded Biotronik no strategic advantage. *See No Cost Conference*, 940 F. Supp. 2d at 1307. Biotronik's Amended Complaint made the parties to the First-Filed Action *identical* to the parties to this one. "Because the parties are identical, [the party-similarity] consideration favors the application of the first-to-file rule." *City Antiques*, 2014 WL 3955216, at *3 (citing *Alltrade*, 946 F.2d at 625–26).

Moreover, the analysis would favor dismissal even using Biotronik's original First-Filed Complaint. For purposes of the first-to-file rule, the party-similarity requirement is "satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." *Id*. (alteration in original) (quoting *Intersearch Worldwide*, 544 F. Supp. 2d at 959 n.6); *see Hospah Coal Co. v. Chaco Energy Co.*,

---

[6] Certain district courts, when performing the chronology analysis, have looked to the filing date of an original complaint that has been subsequently amended only if the amended complaint "relates back" to the original complaint under Federal Rule of Civil Procedure 15(c). *See Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 987–91 (N.D. Cal. 2011) (discussing split among courts to consider the issue). Application of this "relation back" requirement would not affect the outcome here: Atlantic's joinder with OneBeacon America in filing this action demonstrates that Atlantic "received such notice of the [New Mexico A]ction that it [was not] prejudiced in defending on the merits" and understood that Biotronik had mistaken its identity. Fed. R. Civ. P. 15(c)(1)(C); *see No Cost Conference*, 940 F. Supp. 2d at 1307 (declining to apply relation-back doctrine, but finding that the amended complaint would in any event relate back because the first-filing plaintiff had been "reasonably mistaken about the identity of the proper party to sue"); *cf.* OneBeacon Insurance Company's Memorandum of Law in Support of Its Motion for Consolidation of Missouri Lawsuit with This Lawsuit in Oregon, *OneBeacon Ins. Co. v. Trackwell, Defendants*, No. CV 09-0361 KI, 2009 WL 2441261 (D. Or. June 10, 2009) (arguing that an amended complaint related back to an original complaint in which plaintiff misidentified itself by providing the wrong name for the "OneBeacon" entity bringing suit).

Page 11   -   DEFENDANT BIOTRONIK, INC.'S MOTION TO DISMISS OR,
             ALTERNATIVELY, TO TRANSFER OR TO STAY LITIGATION

673 F.2d 1161, 1162 (10th Cir. 1982) (applying first-to-file rule where one plaintiff was an affiliate of a defendant in first action but not itself a party to first action); *Herer*, 927 F. Supp. 2d 1080 (applying first-to-file rule where one defendant was the principal of plaintiff in first action but not himself a party to first action).

The parties to this action and the parties to the original First-Filed Complaint are substantially similar even if not identical. The parties to the original First-Filed Complaint were (1) Biotronik and (2) OneBeacon America. The parties to this action are (1) Biotronik, (2) OneBeacon America (under a new name), and (3) an entity—Atlantic—that was at all relevant times OneBeacon America's affiliate. Underscoring the substantial similarity of these two sets of counterparties is the fact that throughout the Second-Filed Complaint, Plaintiffs refer to themselves almost exclusively *by the collective term* "OneBeacon." Furthermore, the single act that Plaintiffs' Second-Filed Complaint attributes to Atlantic—the issuance of the first of the three Insurance Policies—is accounted for in Biotronik's original First-Filed Complaint (albeit attributed to OneBeacon America). "Where the issues are substantially similar, the absence of a single party from the first-filed suit will not necessarily defeat the first-to-file rule." *Herer*, 927 F. Supp. 2d at 1089. As in *Herer* and *Hospah*, the presence of Atlantic in this action cannot defeat application of the first-to-file rule here.

### 3.    The Issues Are Substantially Similar

This action and the First-Filed Action both arise from the Insurance Policies and the Underlying Actions, and as a result they raise essentially identical issues. *See City Antiques*, 2014 WL 3955216, at *3–4 (finding issues "essentially identical" where the claims asserted in the second-filed action "arise out of the transaction or occurrence that is the subject matter" of the first-filed action. Biotronik's Amended Complaint asserts a claim for breach of contract

arising from OneBeacon's denial of coverage under the Insurance Policies and seeks a declaratory judgment that Biotronik is entitled to that coverage.[7] OneBeacon's Second-Filed Complaint seeks a series of declaratory judgments that, for a variety of reasons, Biotronik is not entitled to such coverage, or, in the alternative, that the coverage to which Biotronik is entitled is capped by various contractual provisions.[8] Both actions raise the same basic question: To what extent is coverage for the Underlying Actions within the scope of the Insurance Policies? And both actions implicate the same set of issues: the interpretation of provisions of the Insurance Policies in light of the complaints and relevant judgment in the Underlying Actions, and the application of those provisions to those New Mexico facts. Accordingly, both actions would "involve the same witnesses, documents, and testimony," *id.* at *4, and the resolution of the First-Filed Action would necessarily entail the resolution of this "mirror image[]" action, *Herer*,

---

[7] The breach-of-contract claim in the original First-Filed Complaint was based on OneBeacon's failure to provide a timely coverage position. After OneBeacon subsequently denied coverage, the Amended Complaint updated the claim accordingly.

[8] None of OneBeacon's claims is independent of the Underlying Actions and/or the Insurance Policies. (*See* Compl., Dkt. 1, at 5–6, 10–13 (asserting claims that various policy provisions or public policies "[b]ar [c]overage for the [Underlying] Actions"); *id.* at 7–9, 16 (asserting claims characterizing the cause of the injuries at issue in the Underlying Actions); *id.* at 13 (asserting claim of "Res Judicata, Collateral Estoppel, and Judicial Estoppel" vis-à-vis the judgment, jury determinations, issues decided, and affirmations made in the *Sowards* Action); *id.* at 14 (asserting temporal limitations on coverage for "costs or expenses [Biotronik] incurred in connection with the [Underlying] Actions"); *id.* at 14–16 (asserting claims characterizing relationship between the Insurance Policies and any other policy "[t]hat [p]rovides [c]overage for the [Underlying] Actions").)

Page 13   -   DEFENDANT BIOTRONIK, INC.'S MOTION TO DISMISS OR,
              ALTERNATIVELY, TO TRANSFER OR TO STAY LITIGATION

927 F. Supp. 2d at 1090–91.  Allowing this action to proceed "could serve no purpose of judicial administration."  *Pacesetter*, 678 F.2d at 96.[9]

### 4.      There Is No Reason to Deviate from the First-to-File Rule

Although a district court may depart from applying the "first-to-file" rule for reasons of equity, such as evidence of bad faith, anticipatory suit, or forum shopping, *Alltrade*, 946 F.2d at 628, none of these equitable exceptions apply here.  First, Biotronik did not act in bad faith by engaging in ostensible settlement discussions with OneBeacon for the purpose of winning a race to the courthouse.  *See, e.g.*, *NSI Corp. v. Showco, Inc.*, 843 F. Supp. 642, 645 (D. Or. 1994) (allowing for dismissal of first-filed action because plaintiff had "used the guise of settlement negotiations to induce [defendant] to refrain from filing [suit]").  To the contrary, in the months leading up to its initiation of the First-Filed Action, Biotronik informed OneBeacon that time was of the essence.

Second, the First-Filed Action is not an "anticipatory suit" in which "'natural defendants' have filed suit in order to secure a favorable forum."  *Easton-Bell Sports, Inc. v. E.I. DuPont de Nemours & Co.*, No. 13-cv-00283 NC, 2013 WL 1283463, at *2 (N.D. Cal. Mar. 26, 2013).  Rather, Biotronik is the "natural plaintiff" affirmatively seeking coercive as well as declaratory relief in the more comprehensive action.  *Old Town Canoe Co. v. Confluence Holdings Corp.*, No. Civ. 04-1660-AS, 2005 WL 552005, at *2 (D. Or. Mar. 7, 2005) (transferring second-filed

---

[9] Furthermore, because the claims OneBeacon asserts in the Second-Filed Complaint "arise[] out of the transaction or occurrence that is the subject matter of [Biotronik]'s claim[s]" in the First-Filed Action, they are compulsory counterclaims under Rule 13(a).  Fed. R. Civ. P. 13(a)(1)(A); *see Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987) (affirming dismissal after applying "logical relationship" test to conclude that plaintiffs' claims were compulsory counterclaims in parallel action).  This fact alone is grounds for this Court to dismiss this action.  *See Adam v. Jacobs*, 950 F.2d 89, 94 (2d Cir. 1991) (remanding with instructions to dismiss under Rule 13(a) notwithstanding the fact that no answer had been filed in the parallel action at issue).

declaratory action, which sought declarations of non-culpability and a finding of "collateral estoppel and/or *res judicata*," after deeming the defendant, which was seeking coercive relief in a parallel, first-filed action, the "natural plaintiff"). Moreover, the "anticipatory suit" exception to the first-filed rule applies when the plaintiff in a first-filed action "lacked a preexisting motive for going to court and filed suit based on receipt of specific, concrete indications that a suit [by the defendant] was imminent." *Adidas Am., Inc. v. Herbalife Int'l, Inc.*, No. CV 09-661-MO, 2010 WL 596584, at *2 (D. Or. Feb. 12, 2010) (internal quotation marks omitted). Here, OneBeacon never communicated to Biotronik any such "specific, concrete indications" of a prospective lawsuit.[10]

Finally, Biotronik can hardly be said to be forum shopping when it filed in the forum of the Underlying Actions, where a large part of the events and conduct at issue occurred and where it has been involved in intense settlement negotiations with New Mexico counsel. As further discussed below, it is OneBeacon's conduct that implicates forum shopping, given that no procedural barrier prevented OneBeacon from asserting its "claims" in this action as defenses to the First-Filed Action in a New Mexico pleading. *See No Cost Conference*, 940 F. Supp. 2d at 1307 (observing that the coordinated and rapid succession of filings in both fora by the

---

[10] Given that OneBeacon America admits that OneBeacon filed this action "already knowing that [Biotronik] intended to litigate coverage," it is in fact *this action* that qualifies as the type of "anticipatory suit" that the first-to-file rule seeks to discourage. (Ex. 9 (Motion to Transfer) at 2.) *Cf. Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1372–73 (9th Cir. 1991) (finding that a "declaratory judgment action regarding insurance coverage" may be "reactive" no matter whether it "is filed first or second"), *overruled in part on other grounds by Gov't Emp. Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998).

Page 15  -  DEFENDANT BIOTRONIK, INC.'S MOTION TO DISMISS OR,
              ALTERNATIVELY, TO TRANSFER OR TO STAY LITIGATION

defendants of the first-filed case "more convincingly suggest[s] that [first-filing defendants], not [first-filing plaintiffs], are shopping for a more convenient forum").[11]

The first-to-file rule exists to serve "the interests of comity, efficiency, and judicial economy," *Herer*, 927 F. Supp. 2d at 1088, and "to avoid the embarrassment of conflicting judgments," *Church of Scientology*, 611 F.2d at 750. Those interests are best met by dismissing this action and allowing the First-Filed Action to proceed. In the alternative, the Court should transfer this action to the District of New Mexico or stay this action until the United States District Court for the District of New Mexico disposes of the First-Filed Action. *See Herer*, 927 F. Supp. 2d 1080 (transferring second-filed action); *Diversified Metal*, 2012 WL 2872772 (staying second-filed action).

**B.    As an Independent Ground for Dismissal or Stay, the Court Should Exercise Its Discretion to Decline Jurisdiction**

The Court should also exercise its discretion to decline jurisdiction under the Declaratory Judgments Act and dismiss or stay this declaratory action in the interest of judicial economy. *See Great Earth Chem., LLC v. Diversity Suppliers, LLC*, No. 3:13-CV-01811-HZ, 2014 WL 1217958, at *1 (D. Or. Mar. 24, 2014) (exercising discretion to dismiss declaratory judgment claim as duplicative of action pending before another federal district court); *see also Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1373 (9th Cir. 1991) (reversing summary judgment for

---

[11] While briefing before the court of second filing is not the proper place for arguments as to the "balance of convenience" between the competing fora—rather, such arguments are properly made in the court of first filing, *see, e.g.*, *City Antiques*, 2014 WL 3955216, at *4 (citing *Pacesetter*, 678 F.2d at 96)—Defendant notes that here, that balance weighs decidedly in favor of resolving this dispute in New Mexico. As Plaintiffs' Second-Filed Complaint amply illustrates, adjudication of this dispute will implicate, *inter alia*, the "bodily injury suffered or allegedly suffered by each of the plaintiffs in the [Underlying] Actions" *in New Mexico* and Dr. Klonis's purported "perform[ance] [of] unnecessary surgical procedures" *in New Mexico*. (Compl., Dkt. 1 ¶¶ 43, 64.) *See generally* Ex. 11 (Transfer Motion Opposition).

Page 16   -   DEFENDANT BIOTRONIK, INC.'S MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER OR TO STAY LITIGATION

insurer seeking declaratory judgment of no coverage and remanding with instructions to decline

jurisdiction and dismiss), *overruled in part on other grounds by Gov't Emp. Ins. Co. v. Dizol*,

133 F.3d 1220 (9th Cir. 1998).

A district court's exercise of jurisdiction under the Declaratory Judgment Act is

permissive, not mandatory, *see* 28 U.S.C. § 2201(a), and "a district court is authorized, in the

sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment,"[12]

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) (affirming stay of underwriters' action

seeking declaratory judgment of no coverage under insurance policies).  In assessing whether to

exercise jurisdiction or abstain, a district court "must balance concerns of judicial administration,

comity, and fairness to the litigants."  *Nw. Pub. Commc'ns Council v. Oregon Pub. Util.*

*Comm'n*, 805 F. Supp. 2d 1058, 1071 (D. Or. 2011) (quoting *Am. States Ins. Co. v. Kearns*, 15

F.3d 142, 144 (9th Cir. 1994)) (dismissing declaratory action).  In the Ninth Circuit, when a

declaratory action presents the same legal issues as does a related action pending before another

court, three factors first identified by the Supreme Court in *Brillhart* v. *Excess Insurance*

*Company of America*, 316 U.S. 491 (1942), serve as the "philosophic touchstone" of the district

court's assessment:  "The district court should avoid needless determination of state law issues; it

should discourage litigants from filing declaratory actions as a means of forum shopping; and it

---

[12] OneBeacon's Second-Filed Complaint, titled a "Complaint for Declaratory Judgment," includes 11 "causes of action," 10 of which expressly indicate that they seek a "Declaratory Judgment."  (*See* Compl., Dkt. 1, at 1, 5, 7, 10–12, 14–16.)  The outlier, Plaintiffs' seventh cause of action (for "Res Judicata, Collateral Estoppel, and Judicial Estoppel"), is a barely disguised declaratory judgment claim as well:  it seeks "*a judgment that*" certain determinations, issues, and admissions are binding on Biotronik, and nowhere states that Plaintiffs seek the imposition of damages or injunctive relief against Biotronik.  (*Id.* at 13, 17 (emphasis added).)  *Cf. Old Town Canoe Co.*, 2005 WL 552005, at *2 (stating that plaintiffs' claim for "collateral estoppel and/or *res judicata* . . . could be asserted as affirmative defenses in the [first-filed] action").

Page 17   -   DEFENDANT BIOTRONIK, INC.'S MOTION TO DISMISS OR,
               ALTERNATIVELY, TO TRANSFER OR TO STAY LITIGATION

should avoid duplicative litigation." *Dizol*, 133 F.3d at 1225 (*en banc*).  The Ninth Circuit also considers

> "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems.  In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies."

*Id.* at 1225 n.5 (quoting *Am. States Ins. Co.*, 15 F.3d at 145 (J. Garth, concurring)).

Here, every non-neutral *Brillhart* factor militates against the Court's exercise of jurisdiction over this declaratory action.  The first *Brillhart* factor—avoiding needless determination of state law issues—is neutral, because the related case at issue is also before a federal court.[13]  However, the second factor—discouraging forum shopping—counsels abstention.  As noted above, Plaintiffs have engaged in forum shopping:  the Second-Filed Complaint arose from precisely the same factual nexus as the First-Filed Complaint, and no procedural barrier prevented Plaintiffs from raising the same arguments they present as claims here as defenses in the First-Filed Action.  *See Polido v. State Farm Mut. Auto. Ins. Co.*, 110 F.3d 1418, 1423 (9th Cir. 1997) (to combat forum shopping, "the dispositive question is . . . whether there was a procedural vehicle available" in the court of first-filing "to resolve the issues raised" in the second-filed action), *overruled in part on other grounds by Dizol*, 133 F.3d 1220.

_____

[13] Although the *Brillhart* abstention doctrine is typically applied in deference to a pending state proceeding, its guidance has been consistently extended to apply equally to parallel federal court proceedings.  *See, e.g.*, *Great Earth Chem.*, 2014 WL 1217958, at *1 (applying the doctrine to abstain and dismiss in deference to parallel E.D.N.Y. proceeding).  Where, as here, there is no conflicting state proceeding, "the [*Brillhart*] factors related to states are not relevant." *Id.* at *3.

Page 18   -   DEFENDANT BIOTRONIK, INC.'S MOTION TO DISMISS OR,
             ALTERNATIVELY, TO TRANSFER OR TO STAY LITIGATION

Likewise, OneBeacon could have caused Atlantic to be made a party to the First-Filed Action by invoking Rule 12(b)(7), *see Hospah*, 673 F.2d at 1162 n.1, or by picking up the phone and telling Biotronik to name Atlantic. Yet rather than employing these alternatives in New Mexico, OneBeacon filed this redundant action, subjecting all parties and multiple courts to the administration of simultaneous and unnecessary multi-forum litigation. The Court should not permit such flagrant forum shopping.

Moreover, under the second *Brillhart* factor, "federal courts should generally decline to entertain reactive declaratory actions." *Dizol*, 133 F.3d at 1225. A declaratory judgment action brought by an insurance company against its insured during the pendency of a related action presenting the same legal issues is "an archetype" of reactive litigation. *Robsac*, 947 F.2d at 1373 (reversing and remanding with instructions to dismiss insurer's action seeking declaratory judgment of no coverage); *see also Polido*, 110 F.3d at 1424 ("[O]rdinarily[,] federal courts should abstain from exercising their jurisdiction in a declaratory judgment action over disputes between insurance companies and their insureds in which the merits must be decided under state law." (internal quotation marks omitted)); *Powelson v. St. Paul Fire & Marine Ins. Co.*, No. CV-04-665-ST, 2004 WL 1792465, at *4–5 (D. Or. Aug. 11, 2004) (quoting this passage from *Polido* and remanding insurer's declaratory judgment action on the basis of this "general rule").

The third *Brillhart* factor even more plainly favors abstention here. Because, as discussed above, this action is the virtual mirror image of the First-Filed Action, all issues presented in this action can and likely will be resolved by the New Mexico District Court,

rendering this action duplicative.[14]  *See Robsac*, 947 F.2d at 1373 (finding insurer's declaratory action for no coverage to be the "virtual[] . . . mirror image" of insured's more comprehensive action that included breach of contract claim; remanding with instructions to dismiss).

Finally, the supplemental *Brillhart* factors also cut in Biotronik's favor.  First, this declaratory action will not necessarily settle all aspects of the controversy.  In contrast, because the "claims" asserted in this action are essentially defenses to Biotronik's claims in the First-Filed Action, they will necessarily be settled in the First-Filed Action.  Second, this action serves no useful purpose in clarifying the legal relations at issue, because all issues raised in this action could be resolved competently by the New Mexico District Court.  Third, as discussed above, there is no question that this action is nothing more than an exercise in defensive maneuvering. Finally, because Plaintiffs are headquartered in Minnesota and Pennsylvania, litigation of this dispute in New Mexico should be no less convenient to them than it would be in Oregon.[15]

Because Plaintiffs have filed this defensive, duplicative declaratory judgment action in a transparent attempt to forum shop, the Court should abstain from exercising jurisdiction over it. For this additional reason, the Court should dismiss or stay this action.

---

[14] Plaintiffs may contend that this "duplicative litigation" concern could be resolved just as easily if the New Mexico court, rather than this Court, declined jurisdiction over the declaratory judgment claim pending before it.  But because the First-Filed Action—unlike the Second-Filed Action—seeks both declaratory and coercive relief, the New Mexico court would retain jurisdiction over Biotronik's coercive claim even if it declined jurisdiction over Biotronik's declaratory claim.  *See generally Wilton*, 515 U.S. at  277, 282–88 (holding that federal district courts' greater discretion to decline jurisdiction over declaratory judgment actions is an exception to their "virtually unflagging obligation" to exercise the jurisdiction conferred on them by Congress (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976))).  The Ninth Circuit's "general policy of avoiding piecemeal litigation" thus dictates that this Court abstain.  *Robsac*, 947 F.2d at 1373.

[15] *See supra* note 11.  The fourth supplemental factor—whether an action will entangle the federal and state court systems—is not relevant here, because no competing state forum is involved.  *Great Earth Chem.*, 2014 WL 1217958, at *3.

Page 20  -    DEFENDANT BIOTRONIK, INC.'S MOTION TO DISMISS OR,
                  ALTERNATIVELY, TO TRANSFER OR TO STAY LITIGATION

## IV.  CONCLUSION

For the foregoing reasons, Defendant Biotronik, Inc. respectfully requests that this Court enter an order dismissing this action or, alternatively, transferring this action to the District of New Mexico or staying this action until the First-Filed Action has been fully litigated.

DATED:  May 4, 2015

STOEL RIVES LLP


s/ *Jeremy D. Sacks*
JEREMY D. SACKS, OSB No. 994262
Telephone: (503) 224-3380

Jason C. Benton (*pro hac vice*)
HUGHES HUBBARD & REED LLP
Telephone: (212) 837-6000

Attorneys for Defendant Biotronik, Inc.